﻿Citation Nr: 18115451
Decision Date: 07/02/18 Archive Date: 07/02/18

DOCKET NO. 11-10 810
DATE: July 2, 2018
ORDER
Entitlement to service connection for the residuals of meningioma is granted.
Entitlement to service connection for thyroid cysts, as secondary to meningioma, is granted. 
Entitlement to service connection for right hand seizures, as secondary to meningioma, is granted. 
Entitlement to service connection for neuropathy of the lower extremities, as secondary to meningioma, is granted. 
FINDINGS OF FACT
1. Service caused the Veteran's meningioma. 
2. The Veteran's meningioma caused his thyroid cysts, right hand seizures, and neuropathy of the lower extremities. 
CONCLUSIONS OF LAW
1. The criteria for direct service connection for residuals of meningioma have been met. 38 U.S.C. §§ 1101, 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.310. 
2. The criteria for service connection for thyroid cysts, right hand seizures, and neuropathy of the lower extremities, as secondary to service-connected residuals of meningioma, have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had active service from May 1964 to May 1968. 
This matter comes before the Board of Veterans’ Appeals (Board) from a September 2008 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 
The Board, upon reviewing its April 2015 decision, has corrected the record to reflect that the issue of entitlement to a total disability rating based upon individual employability should not have been added as an appellate issue. Instead, the Board should have referred this issue to VA. Ultimately, VA notified the Veteran of the requirements for this benefit, and it denied his claim in July 2017. He has not appealed this denial.
VA has rated the Veteran as 100 percent disabled since August 28, 2007. 

Service Connection
Direct Service Connection
Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff’d per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). 
Secondary Service Connection
Service connection on a secondary basis is merited if there is (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical evidence establishing a nexus (i.e., link) between the service-connected disability and the current disability. Wallin v. West, 11 Vet. App. 509, 512 (1998).
Issue 1: Entitlement to service connection for the residuals of meningioma. 
The Veteran was diagnosed with a meningioma in 1992, and he has had residuals since its removal. This satisfies the first prong of direct service connection.
In April 2015, the Board determined that the Veteran was exposed to herbicide agents while he served at Eglin Air Force Base. This satisfies the second prong of direct service connection.
The appeal turns on the third prong of a direct service connection claim – medical nexus. VA examined the Veteran for compensation purposes twice – in May 2008 and April 2017. The examiner in 2008 did not opine on the etiology of the Veteran's meningioma, while the examiner in 2017 provided a negative nexus because "there are no medical literature that would connect agent orange with a … meningioma." This is false. On December 27, 2010, VA, through a Federal Register notice, stated that the National Academy of Sciences studied this issue, finding "that the overall evidence remained inadequate or insufficient to determine whether an association exists." While this does not prove a causal connection, it proves that some evidence suggests there is a connection, which in turn belies the 2017 opinion. 
Additionally, the Veteran's private physician, Dr. J.B., authored a nexus statement in January 2008. This statement is of some, but limited, probative value, because it does not explain in detail the causal connection. However, the Veteran's VA treating physician, Dr. S.K., in the context of a June 2011 treatment note, strongly suggests a causal connection, noting "cancer of the prostate, the neuropathy, the residual tremors, left eye being totally blind, and most likely the heart disease can be added to" the list of disabilities herbicide exposure caused.
Viewing the aforementioned evidence together, the undersigned finds that the question of medical nexus is, at worst, in a state of equipoise. Therefore, the Veteran satisfies the third prong of direct service connection.
The Veteran has met all three prongs of a direct service connection claim. Therefore, the Board will grant the appeal.
Issues 2, 3, and 4: Entitlement to service connection for thyroid cysts, right hand seizures, and neuropathy of the lower extremities, as secondary to the residuals of meningioma. 
The Veteran has thyroid cysts, right hand seizures, and neuropathy of the lower extremities, so the first prong of a secondary service connection claim is met for all three disorders.
The Board has service connected the Veteran's residuals of meningioma above, so the second prong of a secondary service connection claim is met for all three disorders.
The appeals turn on the third prong of a direct service connection claim – medical nexus. As above, VA examined the Veteran for compensation purposes for these disorders twice – in May 2008 and April 2017. However, the 2008 examiner did not opine on etiology and the 2017 examiner did not address secondary service connection. The undersigned recognizes the 2017 examiner provided a negative nexus for direct service connection for each of the claimed disorders. However, considering the shortcoming described above, the undersigned has grave reservations about the reliability of these findings for the three disorders. Additionally, it is clear, based on Dr. J.B.'s statement and Dr. S.K.'s statement, both cited above, that it is at least as likely as not that each of the three disorders is either secondary to the meningioma or that herbicide exposure directly caused the three disorders. 
Viewed in a light most favorable to the Veteran, he has met all three prongs of both a secondary service connection claim and a direct service connection claim for each of the three disorders. The Board will grant the appeals.

 
KELLI A. KORDICH
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Sopko, Counsel